NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| VICKY GISELA FLORES LEMUS DE ZACARIAS; ESTUARDO EFRAIN ZACARIAS FLORES,<br><br>      Petitioners,<br><br>  v.<br><br>PAMELA J. BONDI, United States Attorney General,<br><br>      Respondent. | No. 20-72874<br><br>Agency Nos.<br>A208-919-958 & A208-919-959<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2025**
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Vicky Gisela Flores Lemus de Zacarias (Lemus de Zacarias) and Estuardo

Efrain Zacarias Flores, natives and citizens of Guatemala, petition for review of a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision of the Board of Immigration Appeals (BIA) dismissing their appeal of a decision from an Immigration Judge denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We deny the petition.

1. Substantial evidence supports the BIA's conclusion that Lemus de Zacarias did not establish that her connection to her late husband, who was tragically killed in Guatemala, was one central reason or a reason for any past persecution or feared future persecution.

In the eight months she lived in Guatemala after the murder of her husband, Lemus de Zacarias did not see the two men she described as having killed her husband. Although she testified that a neighbor told her two men were watching her house, she could not link this event to the death of her husband. Lemus de Zacarias surmised that her husband was killed by gang members seeking payment. But, "exclusive financial motivation cannot establish a nexus" to a protected ground for asylum or withholding of removal. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1025 (9th Cir. 2023). And, as the BIA noted, Lemus de Zacarias's "fear of future harm is due to the high level of general crime in Guatemala," which is "not a

---

[1] Estuardo Efrain Zacarias Flores is Lemus de Zacarias's child who was a minor at the time of his application. Although he filed a separate application for asylum, withholding of removal, and CAT relief, his claims are identical to his mother's, and we do not analyze them separately.

sufficient basis for asylum or withholding of removal." *Id.* at 1014. Thus, substantial evidence supports the denial of asylum and withholding of removal. *See id.* at 1016.[2]

**2.** Substantial evidence also supports the denial of CAT relief. Lemus de Zacarias did not sufficiently "demonstrate that it is more likely than not that [she] would be tortured if removed." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted). Although she suffered the death of her husband, Lemus de Zacarias was neither harmed nor threatened in the eight months she lived in Guatemala following the murder. And no evidence was presented establishing the likelihood of future torture with the consent or acquiescence of a public official. *See Duran-Rodriguez*, 918 F.3d at 1029. The fact that local authorities failed to apprehend the murderers does not establish government acquiescence. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020).

---

[2] Because the BIA addressed only whether Lemus de Zacarias demonstrated a nexus for past persecution or a well-founded fear of future persecution, we do not address any other issues for the asylum and withholding of removal claims. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) ("[W]e are bound to consider only the grounds relied upon by the agency. . . .") (alteration and internal quotation marks omitted).

**PETITION DENIED.**[3]

---

[3] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. # 1) is otherwise denied.